McFarland, J.,
delivered the opinion of the court:
This case was submitted to the circuit court of Hamblen county upou an agreed state of facts, and involves the question whether the railroad extending from Morristown to Wolf Creek is subject to 'taxation. The entire road, with its franchises, was purchased by the present owners under a sale made in virtue of proceedings had in the chancery court at Nashville, for the sale of delinquent railroads, and it is claimed that the entire road, with its appurtenances, etc., was exempt from taxation in the hands of the original company, and that the exemption still attaches to the property in the hands of the present owners.
The road was originally constructed and owned by a corporation styled “The Cincinnati, Cumberland Gap & Charleston Railroad Company.” The charter of this company was granted in act of the legislature of the 18th of November, 1853 [Acts 1853-4, ch. 301]. Previously, on the 9th of February, 1850, the legislature had passed an act [Acts 1849-50, ch. 76] chartering the Nashville & Louisville Railroad Company, and, by the fortieth section, it is provided that the capital stock, dividends, roads, fixtures, depots, workshops, warehouses, and vehicles of transportation should be exempt from taxation, with certain provisos not important now to consider. The eighth section of the charter of the Cincinnati, Cumberland Gap & Charleston Railroad Company, provides “that said company shall be, and they are hereby, vested with all the rights, powers, and privileges, and subject to all the restrictions and liabilities, of the Nashville & Louisville Railroad Company, except otherwise provided for in this charter.” It is by virtue of this section that the exemption is claimed, and the question is whether the exemption granted to the' Nashville & Louisville Company was granted to the Cincinnati, Cum- *393 beriand Gap & Charleston Railroad Company, by the language Testing said latter company with "all the rights, powers, and privileges” of the former. There can be no question, if we adopt a liberal construction, that an exemption from taxation might be included under’ the terms, "rights or privileges,” but it is a settled and uniform rule of construction, according to all the authorities, that no exemption from taxation can be allowed unless it be granted in plain and unambiguous terms; every presumption and intendment is against it, and every doubt in the language used is to be resolved against the exemption. Bearing this in mind, it results that the grant of the “rights, powers, and privileges” of the Nashville & Louisville Railroad Company did not carry with it the immunity or exemption from taxation granted to that company. Bull meaning may be given to the words, "rights, powers, and privileges,” without excluding the exemption. This view is strengthened by the language used in the eighth section of art. 11 of the constitution, by which the legislature is forbidden to pass any law granting to any individuals rights, privileges, immunities, or exemptions other than such as may be, by the same law, extended to any member of the community who ■may be able to bring himself within the provisions of such law. The use of -all these terms indicates that a separate meaning is attached to each, or, at any rate, that “rights and privileges” do not necessarily include immunities and exemptions in the sense in which the framers of the constitution used the terms. The exemption in this case not having been granted in explicit and unequivocal terms, cannot be allowed.
We place our decision of the case upon this ground without noticing other questions.
The judgment will be affirmed.